## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**AMMAR S. CHAMMAMI,**

**Plaintiff,**

**v.**

**ACROPOLIS MEDITERRANEAN FOOD
INC., a Florida corporation; ACROPOLIS
MEDITERRANEAN RESTAURANT INC.,
a Florida corporation; AGT
RESTAURANT GROUP, INC., a Florida
corporation; ACROPOLIS TAVERNA OF
ST PETE INC., A Florida corporation;
ACROPOLIS RESTAURANT OF NEW
TAMPA LLC, a Florida corporation;
ACROPOLIS RESTAURANT OF
RIVERVIEW LLC,  a Florida corporation;
ACROPOLIS SARASOTA, INC., a Florida
corporation; and  HASSAN WAEZ,
individually,**

Case No.

**Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff AMMAR S. CHAMMAMI, by and through his undersigned counsel, hereby sues the Defendants, ACROPOLIS MEDITERRANEAN FOOD INC., a Florida corporation; ACROPOLIS MEDITERRANEAN RESTAURANT INC., a Florida corporation; AGT RESTAURANT GROUP, INC., a Florida corporation; ACROPOLIS TAVERNA OF ST PETE INC., A Florida corporation; ACROPOLIS RESTAURANT OF NEW TAMPA LLC, a Florida corporation; ACROPOLIS RESTAURANT OF RIVERVIEW LLC,  a Florida corporation; ACROPOLIS SARASOTA, INC., a Florida corporation; and  HASSAN WAEZ, individually,and state as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      At all times material herein, Plaintiff, AMMAR S. CHAMMAMI, ("Chammami" or "Plaintiff"), was and is a resident of Hillsborough County, Florida.

4.      At all times material herein, defendant ACROPOLIS MEDITERRANEAN FOOD INC. was and is a Florida for profit corporation, authorized and doing business in this judicial district.

5.      At all times material herein, defendant ACROPOLIS MEDITERRANEAN RESTAURANT INC. was and is a Florida for profit corporation, authorized and doing business in this judicial district.

6.      At all times material herein, defendant AGT RESTAURANT GROUP, INC. was and is a Florida for profit corporation, authorized and doing business in this judicial district.

7.      At all times material herein, defendant ACROPOLIS TAVERNA OF ST PETE INC. was and is a Florida for profit corporation, authorized and doing business in this judicial district.

8.      At all times material herein, defendant ACROPOLIS RESTAURANT OF NEW TAMPA LLC, was and is a Florida for profit corporation, authorized and doing business in this judicial district.

9.      At all times material herein, defendant ACROPOLIS RESTAURANT OF RIVERVIEW LLC was and is a Florida for profit corporation, authorized and doing business in this judicial district.

10.     At all times material herein, defendant ACROPOLIS SARASOTA, INC. was and is a Florida for profit corporation, authorized and doing business in this judicial district.

11.     At all times material herein, Defendant HASSAN WAEZ was and is an officer and manager at each of the Defendants listed above.

12.     The corporate defendants and Waez are collectively referred to herein as "Defendants."

13.     At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

14.     At all times material herein, Defendants were an integrated enterprise or joint employer of Plaintiff.

15.     The Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

## GENERAL ALLEGATIONS

16.     At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

17.     Plaintiffs have retained the undersigned counsel to represent their interest in this action and are obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

18.     The Defendants own and operate a chain of Greek restaurants in and around the Tampa Bay area.

19.     As part of its operations, the Defendants operate an offsite kitchen where they prep foods that will be delivered to its various restaurant locations.  That offsite kitchen is located at 5214 N. Nebraska Ave., Tampa, FL 33603.

20.     In 2013, Defendants hired Plaintiff to work as the prep cook at that offsite kitchen. From that location, Plaintiff would, for example, chop vegetables, and prepare the ingredients that the Acropolis Defendants' chefs would use at the Acropolis restaurants.  Other than occasional temporary help, Plaintiff was the only person that worked in the offsite kitchen.

21.     During the time that Plaintiff worked for Defendants, Defendants paid him a salary intended to compensate him for 40 hours of work per week.  Specifically, Defendants paid Plaintiff $800.00 per week ($41,600 annualized).  Defendants split these payments into a $500 paycheck (with withholdings and employment taxes) and a separate $300 check (without withholdings and payment taxes).

22.     Although paid to work 40 hours a week, Plaintiff routinely worked an average of 60 to 65 hours per week (10 to 15 hours per day, 6 days per week).

23.     In May 2019, Defendants informed Plaintiff that he would have to work additional hours every week.  When Plaintiff objected to working additional hours without overtime, Defendants terminated his employment.

### COUNT I
### FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

24.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

4

25.     Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

26.     Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

27.     Plaintiff is covered as an individual under the FLSA because he was engaged in interstate commerce as part of his job with Defendants.  29 U.S.C. §207(a)(1).

28.     Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

29.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiffs, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

30.     Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

31.     Defendants failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. § 207.

32.     Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

33.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the Plaintiff's rights.

34.     As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff, AMMAR S. CHAMMAMI, respectfully request that judgment be entered in his favor against Defendants, ACROPOLIS MEDITERRANEAN FOOD INC., a Florida corporation; ACROPOLIS MEDITERRANEAN RESTAURANT INC., a Florida corporation; AGT RESTAURANT GROUP, INC., a Florida corporation; ACROPOLIS TAVERNA OF ST PETE INC., A Florida corporation; ACROPOLIS RESTAURANT OF NEW TAMPA LLC, a Florida corporation; ACROPOLIS RESTAURANT OF RIVERVIEW LLC, a Florida corporation; ACROPOLIS SARASOTA, INC., a Florida corporation; and  HASSAN WAEZ, individually, including, but not limited to:

a.     Overtime compensation;

b.     Liquidated damages;

c.     Prejudgment interest;

d.     Payment of reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.     A finding that the FLSA was violated and an adjudication on the merits of the case; and

f.     Any other relief the Court deems proper.

## COUNT II
## FAIR LABOR STANDARDS ACT (RETALIATION)

35.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

36.     Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

37.     Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

38.     Plaintiff is covered as an individual under the FLSA because he was engaged in interstate commerce as part of his job with Defendants. 29 U.S.C. §207(a)(1).

39.     The FLSA prohibits employers from discharging or otherwise discriminating against employees that complain about FLSA violations.

40.     Plaintiff engaged in an activity protected by the FLSA when he objected to Defendants refusal to pay required overtime pay.

41.     When Plaintiff objected to Defendants refusal to pay overtime pay, Defendants, in violation of the FLSA, terminated his employment.

42.     Plaintiff has suffered damages by being retaliated against in violation of § 215(a)(3) of the FLSA, and has incurred reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff, AMMAR S. CHAMMAMI, respectfully request that judgment be entered in his favor against Defendants, ACROPOLIS MEDITERRANEAN FOOD INC., a Florida corporation; ACROPOLIS MEDITERRANEAN RESTAURANT INC., a Florida corporation; AGT RESTAURANT GROUP, INC., a Florida corporation; ACROPOLIS TAVERNA OF ST PETE INC., A Florida corporation; ACROPOLIS RESTAURANT OF NEW TAMPA LLC, a Florida corporation; ACROPOLIS RESTAURANT OF RIVERVIEW LLC, a Florida corporation; ACROPOLIS SARASOTA, INC., a Florida corporation; and  HASSAN WAEZ, individually, including, but not limited to:

a.      Overtime compensation;

7

b.      Liquidated damages;

c.      Prejudgment interest;

d.      Payment of reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.      A finding that the FLSA was violated and an adjudication on the merits of the case; and

f.      Any other relief the Court deems proper.

## DEMAND FOR JURY TRIAL

43.    Plaintiff demands a trial by jury on all issues so triable.

Dated June 17, 2018.

**FLORIN GRAY BOUZAS OWENS, LLC**

**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
Primary:     scott@fgbolaw.com
Secondary:   tina@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No. 48943
Primary:     miguel@fgbolaw.com
Secondary:   gina@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Telephone No.: (727) 254-5255
Facsimile No.: (727) 483-7942

*Attorneys for Plaintiffs*